UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIA HUTCHINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 09-1790 (RJL) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER
(June *15*, 2010) [# 2, #3]

Plaintiff, Valeria Hutchinson ("plaintiff"), brings this action against defendants the D.C. Government ("the District") and D.C. Public Schools ("DCPS") (collectively, "defendants") seeking attorney's fees under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415, *et seq.* Now before the Court is defendants' Motion to Dismiss [#2] the complaint for failure to meet the pleading requirements set out in Rule 8(a) of the Federal Rules of Civil Procedure and plaintiff's Opposition to Defendant's Notice of Removal [#3], which the Court will treat as a Motion to Remand. For the following reasons, based on the pleadings, the relevant law, and the entire record herein, plaintiff's remand motion is DENIED and defendants' Motion to Dismiss is GRANTED.

## ANALYSIS

On August 20, 2009, plaintiff filed this action for attorney's fees after prevailing at an IDEA hearing in the Superior Court of the District of Columbia. Because the

1

complaint sought relief under a federal statute, IDEA, among others, defendants sought to remove the case to this Court on September 18, 2009. Defendants subsequently filed a motion to dismiss on September 23, 2009. Instead of opposing the motion to dismiss, plaintiff opposed removal of her suit on October 1, 2009. Plaintiff's complaint, in its entirety, states as follows:

> Defendant, the District of Columbia Public Schools (DCPS), failed and refused to pay the Plaintiff's attorney's fee after she prevailed in an Individuals with Disabilities Education Act (IDEA) hearing regarding DCPS' failure to provide 'free appropriate public education' to the Plaintiff's child enrolled in the DCPS. The failure to pay the said attorney's fee violates IDEA, DC laws & regulations mandating payment of attorney's fees to prevailing parents, whether reliefs are obtained or not.

Removal to federal district court is permitted, of course, where the district court has original jurisdiction over the claim. 28 U.S.C. § 1441(a)-(b); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Indeed, the district court must remand when it lacks subject matter jurisdiction over the claim. 28 U.S.C. § 1447(c); *see also* 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (4th ed.). But, concurrent state court jurisdiction does not destroy federal subject matter jurisdiction and require remand. *See, e.g., Warren v. United States*, 932 F.2d 582, 585 (6th Cir. 1991); *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988).

Because plaintiff's claim here is made pursuant to a federal statute, the Court finds that it has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and that the Motion to Remand the case must be DENIED.[1]

---

[1] The plaintiff makes two additional arguments for remand identical to those made in *Gray v. D.C. Public Schools et al.*, No. 09-1806, 2010 WL 668266 (D.D.C. Feb. 25,

2

Defendants next contend that the complaint fails to meet the requirements of Rule 8(a), because it does not identify the factual, statutory, or regulatory basis of her claim. I agree. Federal Rule of Civil Procedure 8(a) states the minimum requirements for complaints. Fed. R. Civ. P. 8(a). It requires that a complaint contain a short and plain statement of the grounds for federal jurisdiction, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. Those minimum requirements are designed to provide a court with sufficient information to determine whether it has jurisdiction over the claims, and to provide defendants with sufficient notice of the claims being asserted in order to allow defendants to prepare a responsive answer and an adequate defense and to determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). While a plaintiff is not required to "plead law or match facts to every element of a legal theory" in her complaint, *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (quotations and citations omitted), the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff's complaint unfortunately falls short of the liberal pleading standard. It fails to identify the facts underlying plaintiff's claim, including the proceedings at which plaintiff claims to have prevailed and that are the basis for the current suit for attorney's fees. In addition, it fails

---

2010): that plaintiff's suit for fees is a breach-of-contract claim and therefore does not involve a federal question; and that *Blackman-Jones* Consent Decree applies to plaintiff's claims and precludes federal jurisdiction. *See generally* Pl. Mot. [#3]. For the reasons those arguments were dismissed in *Gray*, this court also denies the Hutchinson's arguments here and finds that removal was proper.

to identify the laws, in addition to IDEA, under which plaintiff seeks relief. Nor does it describe defendants' refusal to pay those fees, or any of the attendant circumstances. Though the Federal Rules do not require much from a plaintiff seeking relief from the federal courts, they require more than what plaintiff has stated here. The complaint, as written, lacks the required specificity to enable defendants to understand the precise nature of the claims against them.

For all these reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Remand [#3] is DENIED.

**ORDERED** that the District's Motion to Dismiss [#2] is GRANTED without prejudice.

**SO ORDERED**.

_/s/ Richard J. Leon_
RICHARD J. LEON
United States District Judge

4